UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

In Re:

TAYLOR BEAN & WHITAKER
MORTGAGE CORP.,

    Debtor.

Bankr. Case No. 3:09-bk-7047-3F1

_____

JAMES R. WALTON,

    Appellant,

v.                                                 Case No. 5:19-cv-333-Oc-37

TAYLOR BEAN & WHITAKER
MORTGAGE CORP.,

    Appellee.

_____

## ORDER

*Pro se* appellant James R. Walton appeals the U.S. Bankruptcy Court's Order denying his Motion to File Core Petition Claim (Doc. 9-3 ("**Bankruptcy Order**")). (Doc. 1.) Taylor Bean & Whitaker Mortgage Corps. ("**TBW**") opposes. (Doc. 19.) The Court affirms the Bankruptcy Order.

The Bankruptcy Order concluded the Appellant was precluded from pursuing claims against TBW by the confirmation order entered in TBW's case, and Section 523(a) of the Bankruptcy Code did not provide relief to Appellant because it only applies to individual, not corporate, debtors. (Doc. 9-3.) On appeal, Appellant claims he

"inadvertently based his motion . . . on Section 523(a)" instead of 11 U.S.C. § 727(a)(4)(A)-(B), the exception for corporate debtors.[1] (Doc. 1-1, p. 1.)

District courts have jurisdiction over appeals from a bankruptcy court's final judgments under 28 U.S.C. § 158(a)(1). "[T]o be final, a bankruptcy court order must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *In re Donovan*, 532 F.3d 1134, 1136–37 (11th Cir. 2008) (internal quotation marks and citation omitted). The Bankruptcy Order precludes the Appellant from pursuing his claim in any court, so it is a final order. (*See* Doc. 9-3, p. 3.) In reviewing these decisions, a district court functions as an appellate court. *In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994). Conclusions of law are reviewed de novo and factual findings are reviewed for clear error. *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009).

The exception for corporate debtors, 11 U.S.C. § 727, was raised for the first time on appeal. (*See* Doc. 1-1.) Whether to consider new arguments on appeal is left to the Court's discretion, but generally "an appellate court will not consider a legal issue or theory raised for the first time on appeal." *United States v. Southern Fabricating*, 764 F.2d 780, 781 (11th Cir. 1985). Here, the Court will decline to consider this new argument, since it involves a mixed question of law and fact and refusing to do so would not result in a miscarriage of justice. *See id.*

---

[1] Appellant claims the exception that should be applied is 11 U.S.C. 727 4(A)(B). This appears to be a scrivener's error, as that section does not exist and 11 U.S.C. 727(a)(4)(A)-(B) matches Appellant's description.

Appellant does not dispute the Bankruptcy Order's conclusion § 523(a) is inapplicable to corporate debtors, and the Court finds no error. The opinion of the bankruptcy court is affirmed.

Accordingly, it is **ORDERED AND ADJUDGED:**

1. The Bankruptcy Court's Order Denying Motion to File Core Petition Claim (Doc. 9-3) is **AFFIRMED.**

2. This Appeal is **DISMISSED.**

3. The Clerk is directed to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 30, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
*Pro Se* Party
Counsel of Record